UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LARRY WILLIS, ET AL                        CIVIL ACTION

VERSUS                                     NO: 07-4862

STATE FARM FIRE AND CASUALTY               SECTION: J(3)
COMPANY, ET AL

                           **ORDER AND REASONS**

   Before the Court is Defendant the Federal Emergency Management Agency's ("FEMA") **Motion to Dismiss or, Alternatively, for Summary Judgment (Rec. Doc. 12)**.  FEMA alleges that Plaintiffs have filed their Complaint after the expiration of the applicable one-year statute of limitations.

   This motion, which is opposed, was set for hearing on March 19, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that FEMA's motion should be granted in part and denied in part.

                           **Background Facts**

   Plaintiffs' claims arise out of damage caused by flooding from Hurricane Katrina and the manner in which Defendants handled

their policy claim.  Prior to the storm, Plaintiffs had made payment to Defendant State Farm Fire and Casualty Company ("State Farm") for flood insurance coverage.  However, upon contacting State Farm post-Katrina to make a claim for losses suffered, State Farm contended that it no longer insured Plaintiffs and that the insurance in question was provided directly by FEMA.

FEMA ultimately issued Plaintiffs a check for $53,026.01 on March 3, 2006.  On July 24, 2006, Plaintiffs sent a letter to FEMA requesting additional flood insurance compensation under their Standard Flood Insurance Policy ("SFIP") but did not provide a sworn Proof of Loss.  FEMA responded with a letter denying Plaintiffs' request on August 9, 2006 but stating that "if you disagree with this decision, and if you have any information to support your request that we allow payment for these items, please send that to us and we'll review and consider it."  Plaintiffs then signed and sent a Proof of Loss to FEMA for a net claim of $85,383.96 which included the original recommended payment plus a supplemental payment amount.  FEMA issued a supplemental payment in the amount of $31,230.43 on April 4, 2007.

Plaintiffs then filed suit against both State Farm and FEMA on August 28, 2007 alleging breach of contract claims against both entities in the alternative.  Plaintiffs also seek penalties and attorneys' fees against both Defendants under La. Rev. Stat.

2

22:658 and 22:1220.  FEMA now moves to dismiss, or alternatively, for summary judgment, asserting that the Complaint was not timely filed and seeking dismissal of all extra-contractual claims as well as claims for attorneys' fees and costs.

### The Parties' Arguments

As to Plaintiffs' claim that FEMA improperly adjusted their policy claim by undervaluing damages, FEMA argues that Plaintiffs' suit can only proceed if the government has waived its sovereign immunity.  FEMA cites 42 U.S.C. § 4702 which provides a *limited* waiver of sovereign immunity upon which an SFIP-related suit against the Director of FEMA may proceed.  One limitation is that a claimant file suit within one year from the date the notice of denial was mailed.

In the instant case, the letter denying additional flood compensation was mailed August 9, 2006.  Plaintiffs did not file suit until August 28, 2007.  Therefore, according to FEMA, Plaintiffs' claims have prescribed.

As to Plaintiffs' claim that FEMA acted in bad faith (i.e. extra-contractual claims), FEMA argues that there must be a similar waiver of sovereign immunity by the government for  suit to proceed.  However, section 4702 does not provide such a waiver for extra-contractual claims.  And, as to the recovery of costs, attorneys' fees, and interest, the National Flood Insurance Program ("NFIP") makes no statutory provision for recovery of

these expenses.

In opposition, Plaintiffs cite <u>Qader v. Federal Emergency Management Agency</u>, No. 07-5461, 2008 WL 576223 (E.D. La. Feb. 29, 2008).  In <u>Qader</u>, Judge Feldman was faced with the identical issues before the Court in the instant case, and ultimately determined that the one year filing period begins to run when FEMA denies a claim that is accompanied by a Proof of Loss, not when FEMA denies a claim based on an adjuster's report.  <u>Id.</u>  The Court dismissed FEMA's motion in <u>Qader</u>, noting that FEMA's position was fundamentally flawed in that it failed to recognize the "significant modification FEMA made to the NFIP in the aftermath of Hurricane Katrina" when it partially waived the Proof of Loss requirement.  <u>Id.</u>

## Discussion

**A.  Breach of Contract Claims**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.

Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Regarding Plaintiffs' SFIP, "[the] policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, and Federal Common Law."  44 C.F.R. pt. 61, App. A(1), Art. IX (2001).

The NFIA promulgated § 4702 which provides in pertinent part:

> [U]pon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

These two statutes combine to provide a narrow window in which a claimant can file suit against FEMA.  Without the provision of section 4072, an SFIP-related suit against FEMA could not

proceed.  In addition, "the court is bound to construe strictly the provisions of an insurance policy issued under a federal program." <u>Windes v. Haeuser Ins. Agency, Inc.</u>, No. 06-5320, 2007 WL 1238499, *2 (E.D. La. April 26, 2007).

It is clear that the letter denying Plaintiffs' request for additional insurance compensation was mailed on August 9, 2006.  However, because the August 9, 2006 letter was not generated as a result of a claim accompanied by a signed Proof of Loss, it failed to serve as the statutory notice of denial described in section 4702 and as a result, failed trigger the one year time limitation.[1]

Plaintiffs herein submitted a Proof of Loss that was received by FEMA on April 3, 2007, resulting in the issuance of a supplemental payment on April 4, 2007.  Other than this supplemental payment, FEMA has not responded to the Proof of Loss.  Therefore, this Court concludes that Plaintiff's suit, filed on August 28, 2007, was timely.

**B.  Extra-contractual Claims**

As for Plaintiffs' extra-contractual claims, the Fifth Circuit has held that the National Flood Insurance Act does not create a cause of action against NFIP insurers for fraud or negligent misrepresentation and does not allow recovery of costs, attorneys' fees, or interest.  See <u>Wright v. Allstate Ins. Co.</u>,

---

[1]  See <u>Qader</u>, 2008 WL 576223.

500 F.3d 390 (5th Cir. 2007); In re Estate of Lee v. NFIP, 312 F.2d 253, 256 (5th Cir. 1987).  However, the Fifth Circuit has allowed a plaintiff to recover costs and attorneys' fees from FEMA under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  See In re Estate of Lee, 312 F.2d at 256; see also Bolden v. Federal Emergency Management Agency, No. 06-4171, 2007 WL 3046067, *3 (E.D. La. Oct. 16, 2007) (refusing to dismiss plaintiffs' claims for attorneys' fees under the EAJA). Plaintiffs' other claims for extra-contractual relief are not permitted as a matter of law and must be dismissed.  Accordingly,

**IT IS ORDERED** that FEMA's **Motion to Dismiss or, Alternatively, for Summary Judgment (Rec. Doc. 12)** is hereby **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 24th day of March, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE